**Oscar Anthony BARRETTO, Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent— Appellee.**

No. 04–55899.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 1, 2005.

Decided Sept. 16, 2005.

Oscar Anthony Barretto, CESP–Centinela State Prison, Imperial, CA, Gary P. Burcham, Esq., Burcham & Zugman, San Diego, CA, for Petitioner–Appellant.

Jennifer Anne Jadovitz, Donald E. De Nicola, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KOZINSKI and RAWLINSON, Circuit Judges.

## MEMORANDUM *

█ We construe Barretto's federal habeas petition to include the following unexhausted claim—that Barretto received ineffective assistance of counsel because his attorney failed to initiate plea bargain discussions. Because that claim was not brought in state court, we cannot adjudicate Barretto's mixed petition. *See* 28 U.S.C. § 2254(b)(1)(A).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Were we to dismiss Barretto's petition, however, AEDPA's one-year statute of limitations would permanently bar him from bringing his unexhausted claim in federal court. *See id.* § 2244(d)(1)(A). Given the potential merit of petitioner's unexhausted claim and his attempt to exhaust this claim in the state courts, we find "good cause for his failure to exhaust." *Rhines v. Weber,* —— U.S. ——, ——, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). We therefore vacate the judgment of the district court and remand the petition in order that the "district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claim[ ]. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id.* at 1534.

The district court shall direct petitioner to pursue his unexhausted claim in state court within 30 days of the district court's entering of the stay, and shall further direct petitioner to return to federal court within 30 days after state court exhaustion is completed.

**VACATED AND REMANDED.**